# SUPREME COURT.

## Samuel Dias, Respondent agt. Patrick J. Short, Appellant,

In actions of *slander* the rule formerly was, that when the words required a knowl-. edge of extrinsic facts, either to show their meaning or their applicability to the plaintiff, all such facts must be both averred and proved. The only change made by the Code in this respect, is to dispense with such averments of extrinsic facts, showing the *applicability* of the slander to the plaintiff.

It is still necessary, as it formerly was, to aver and prove any facts necessary to *explain* the meaning of the words used. It is also necessary, of course, to allege that the words were spoken of and concerning the plaintiff.

Where the objection taken at the trial, is for the want of a material averment which the plaintiff must prove in order to sustain his action, unless the judge permits an amendment on the spot, the objection is as fatal as it would be on demurrer.

But where the objection first taken on the trial is for the want of an innuendo, stating the meaning of the words, and this question is fairly left to the jury, and they find them slanderous, the court ought not, after the verdict, to interfere. The verdict aids the defect, even if the want of such an averment would have been good cause of demurrer.

And it is well settled that the meaning of the words used by the defendant, cannot be proved by the *opinions* of witnesses, or their statement as to how they understood them.

In this case, the plaintiff was charged to have been a "receiver of stolen goods," which words were considered actionable *per se*. But a charge that "he had received stolen goods," would not have been considered actionable *per se*, without the additional allegation that he knew they had been stolen. *Per* S. B. Strong, *Justice.*

*Dutchess' General Term, May,* 1858.
*Before,* Strong, Lott *and* Emott, *Justices.*
Appeal from city court of Brooklyn.

Mr. Garrison, *for appellant.*
Mr. Gilbert, *for respondent.*

By the court—Emott, Justice. If the words uttered by the defendant, imputed to the plaintiff feloniously receiving

stolen goods, with a guilty knowledge of the theft, they are actionable *per se.* Whether they did so, was a proper question for the jury under proper instructions, and upon a suitable state of pleadings. I see no objection to the instructions on this point, given to the jury in the court below. The main question is, whether the complaint was so defective as not to state any cause of action in the uttering these words? The rule is, that words are to be taken in the sense in which they are generally used, and would be naturally understood. (*Roberts* agt. *Camden*, 9 *East*, 93.) When the words require a knowledge of extrinsic facts, either to show their meaning or their applicability to the plaintiff, the rule formerly was, that all such facts must be both averred in pleading and proved. (*See Miller* agt. *Maxwell*, 16 *Wend.* 9.) The only change made by the Code in this respect, is to dispense with such averments of extrinsic facts, showing the applicability of the slander to the plaintiff. (*Code*, § 164; 5 *How.* 171; 6 *id.* 99.) It is still necessary as it formerly was, to aver and prove any facts necessary to explain the meaning of the words used. It is also necessary, of course, to allege that the words were spoken of and concerning the plaintiff.

In the case at bar the complaint contains a colloquium, alleging that the slanderous words were spoken of the plaintiff, and there cannot be said to be any extrinsic facts which if proved would aid in understanding or explaining the words. The most which can be contended for the defendant is, that the words stated in the complaint and proved by the witnesses, do not distinctly imply a charge of receiving goods *knowing them to be stolen*, so that the complaint merely stating their publication concerning the plaintiff, in the language of Baron ALEXANDER, in *Hall* agt. *Blandy*, (1 *Younge & Jer.* 488,) might spread one entire and distinctly slanderous charge on the record. Obviously, however, all that was needed to make this complaint full and perfect, even to such a requirement, was an innuendo stating the meaning of these words to be a charge of guilty reception of stolen property. If the objection had been taken by demurrer, perhaps it might have been fatal; but I

think when such an objection is first taken at the trial, and then the question of the meaning of the words is fairly left to the jury, and they find them slanderous, we ought not after the verdict to interfere. This strikes me as being very clear, because the innuendo for which the objection calls, if it had been in its proper place in the complaint, would not have required or admitted any evidence to sustain it.

Where the objection taken at the trial is for the want of a material averment, which the plaintiff must prove in order to sustain his action, unless the judge permits an amendment on the spot, the objection is as fatal as it would be on demurrer. But it is well settled in our courts, that the meaning of the words used by the defendant cannot be proved by the opinions of witnesses, or their statement as to how they understood them. (*Gibson* agt. *Williams*, 4 *Wend.* 320.) Although the meaning of the words and their application are questions for the jury on the evidence. (*Vide S. C., and Van Vechten* agt. *Hopkins*, 5 *J. R.* 211.) Yet it must be upon proper evidence, that is, upon proof of facts only. The words alleged here, are not cant or slang phrases, or words used in a sense peculiar to any class of people, and, therefore, requiring an averment of their cant meaning, or the sense in which any classes of persons used them. There was nothing, therefore, in which this complaint is deficient, which would have permitted any additional evidence, and there was no evidence admitted on the trial, which required any additional statements in the complaint to justify it. A judgment should not be reversed under such circumstances, after a verdict, for the want of a merely formal averment in the pleading. The verdict aids the defect, even if the want of such an averment would have been good cause of demurrer.

This court has held, however, in *Ensign* agt. *Sherman*, (14 *How.* 439,) that mere formalities in pleading, that is, allegations requiring no proof, are abolished by the Code, and their absence does not even make a pleading demurrable. I think the principle applied in that decision is sound, and although it reversed my opinion at special term, I yielded to my breth-

ren upon the question of its applicability to that case, where as here, it was a question of statement and not of proof. That, however, was upon special demurrer; the case at bar is strengthened, as I have already said, by a verdict affirming the slanderous meaning of the words for which this suit is brought, and thus supplying the want of an innuendo stating such a sense in the complaint.

The judgment should be affirmed.

Lott, Justice, concurred.

S. B. Strong, Justice. I concur in this opinion. The charge made by the defendant against the plaintiff, was not simply that he had received stolen goods. If it had been, I should think that it would not have been actionable *per se*, without the additional allegation that he knew that they had been stolen. But the plaintiff was charged to have been " a receiver of stolen goods." That implies a habit of receiving such goods, and conveys a meaning, as it is generally understood, that the receiver encouraged such thefts, and knew that they had been committed when he received the goods.

The judgment should be affirmed.